**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

WADE HORTON                          :
                                     :
   Plaintiff,                        :
                                     :
v.                                   :   Case No: 5:26-cv-108
                                     :
MACON-BIBB COUNTY                    :
TRANSIT AUTHORITY, CRAIG             :
ROSS, MARK STROZIER and              :
JUNE SLAUGHTER                       :
                                     :
   Defendants.                       :
                                     :

## COMPLAINT

COMES NOW, Plaintiff and respectfully shows:

## COUNT ONE

1.

This is an action for violation of Plaintiff's First Amendment rights

enforceable under the Fourteenth Amendment, and for denial of due process under

the Fourteenth Amendment.  It is also an action for false imprisonment under state

law.

2.

The Court has jurisdiction under 28 U.S.C. §1343.

3.

Defendant Macon-Bibb County Transit Authority is a municipal entity operating as a business under the color of law in the State of Georgia, and may be served with process through its President and Chief Executive Officer, Craig Ross, at 200 Cherry Street, Suite 100, Macon, Georgia 31206.  Defendant is subject to the jurisdiction of this Court.

4.

Defendant Ross is also subject to the jurisdiction of this Court as he is a resident of the Middle District of Georgia.

5.

Defendant Mark Strozier is the Transit Planner of the Macon-Bibb County Transit Authority, and is subject to the jurisdiction of this Court as he is a resident of the Middle District of Georgia.

6.

Defendant June Slaughter is the Manager of the Macon-Bibb County Transit Authority, and is subject to the jurisdiction of this Court as she is a resident of the Middle District of Georgia.

7.

Each person above named acted under the color of state law.

8.

The Plaintiff, Wade Horton, is blind.  His blindness, together with his other medical conditions, make it unsafe for him to use a fixed-route public transit system.

9.

Mr. Horton has, instead, regularly used the Macon-Bibb County Transit Authority's complimentary ParaTransit services for more than 15 years (hereinafter "MTA").  He has relied upon this ParaTransit service as a very frequent source of transportation services.

10.

The MTA is a public entity within the meaning of Title II of the ADA.

11.

On or about March 25, 2025, Plaintiff needed to use the MTA complementary ParaTransit services to make it to a doctor's appointment.

12.

When he called Sandra Atkinson to secure such services, he was told that no such services were available.

13.

Plaintiff believed that the reason for the lack of service was because the MTA had consciously failed to follow regulations promulgated pursuant to the ADA and Rehabilitation Act, services that he was entitled to.

14.

He told Sandra Atkinson that he was thinking of bringing suit against MTA so as to be able to enforce compliance with the ADA and Rehabilitation Act, and to insure that the service he needed would be available.  He told her he had sued the MTA before.

15.

Ms. Atkinson recounted the conversation to June Slaughter, who interpreted his phone call as a physical threat, and exaggerated her response.

16.

She immediately called Defendant Mark Strozier who called the driver of Plaintifføs bus and as a result Plaintiff was taken either to the bus terminal or the the MTAøs office.

17.

These actions were approved by Craig Ross, who was the final decision maker for Macon-Bibb County Transit Authority.

18.

All of this was done without any pre-deprivation process whatsoever, and deprived Plaintiff of a liberty interest in using the ParaTransit service as secured by regulations promulgated under the Rehabilitation Act, and the Americans with Disabilities Act.

19.

As a result of this action, Plaintiff was denied the services of the ParaTransit service for four days.

20.

Plaintiff suffered damages in the amount of $50,000, including emotional distress.

21.

Plaintiff is entitled to punitive damages in the amount of $250,000 from each individual Defendant for their reckless indifference to his constitutional rights.

22.

Plaintiff is entitled to reasonable attorney fees under 42 U.S.C. §1988.

### **COUNT TWO**

23.

Paragraphs 1-17 and 19 are realleged as though fully set out.

24.

The actions of Defendants Transit Authority, Ross, Slaughter and Strozier violated Plaintiff's rights under the First and Fourteenth Amendments to petition and to speak his mind.

25.

Plaintiff suffered damages in the amount of $50,000, including emotional distress.

26.

Plaintiff is entitled to punitive damages in the amount of $250,000 from each individual Defendant for their reckless indifference to his constitutional rights.

27.

Plaintiff is entitled to reasonable attorney fees under 42 U.S.C. §1988.

## COUNT THREE

28.

Paragraphs 1-17 are realleged as though fully set out. Defendant Transit Authority is not a Defendant in this Count.

29.

At the time that Plaintiff's rights to use the ParaTransit service was suspended, Plaintiff was taken to the Transit Terminal or to the MTA's main office.

30.

He was not told where he was being taken and being blind, he could not see were he was being taken.  Defendants Slaughter and Strozier with the consent of Defendant Ross directed the driver of Plaintiff's bus to take him either to the Transit station or the Transit Authority building.  It was only then that he realized where he had been taken without his consent.

31.

Plaintiff was unlawfully detained for a half an hour and deprived of the physical liberty.

32.

The actions taken by Defendants Slaughter, Strozier, and Ross were taken intentionally with a deliberate intention to do wrong, with malice and intent to injure.

33.

Defendant's conduct showed willful misconduct and/or entire want of care, which raises the presumption of conscious indifference to consequences.

34.

Plaintiff is entitled to actual damages from Defendants of $250,000.

35.

Plaintiff is entitled to punitive damages in the amount of $250,000.

36.

Plaintiff is entitled to reasonable attorney fees because of Defendantsø bad faith.

WHEREFORE, Plaintiff prays,

1.  For damages as set out;

2.  For punitive damages against the individual Defendants;

3.  Attorney fees;

4.  Jury trial, and

5.  Such other and further relief as is just and proper.

/s/ Ralph Goldberg
Ralph Goldberg
Ga. Bar No. 299475
Attorney for Plaintiff

**Goldberg and Cuvillier, P.C.**
2295 Parklake Dr. N.E., Suite. 432
Atlanta, Georgia, 30345
Tel:  (770) 670-7343
Fax: (770) 670-7344
attorneygoldberg@hotmail.com